UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.C. POULLARD, JR., Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | No. _____ |
| v. | | |
| WESTERN RECYCLERS, INC., DBA AMERICAN RECYCLER, | | JURY TRIAL DEMANDED |
| Defendant. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff J.C. POULLARD, JR. (referred to as "Plaintiff" or "Poullard") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Western Recyclers, Inc., d/b/a American Recycler (referred to as "American Recycler"). In support thereof, he would respectfully show the Court as follows:

**I. Nature of Suit**

1. Poullard's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the

1

FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendant violated the FLSA by employing Poullard and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Defendant violated the FLSA by failing to maintain accurate time and pay records for Poullard and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Poullard brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction and Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendant American Recycler resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Poullard's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8. J.C. Poullard, Jr. is an individual who resides in Harris County, Texas and who has been employed by Defendant during the last three years.

9. Western Recyclers, Inc., d/b/a American Recycler is a Texas Corporation with its principal office/place of business located at 2722 Holmes Road, Houston, Texas 77051. American Recycler may be served with process by serving its registered agent: Ramon Martinez, at 2722 Holmes Road, Houston, Texas 77051. Alternatively, if the registered agent of American Recycler cannot with reasonable diligence be found at the company's registered office, American Recycler may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Defendant committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. Defendant is a clothing recycling company, it collects donated clothes around the city and sells them for a profit, giving half of the proceeds to local charities; it does business in the territorial jurisdiction of this Court.

12. Defendant employed Poullard as a Route Driver from January 2009 until October 2016.

13. During Poullard's employment with Defendant, he was engaged in commerce or the production of goods for commerce.

14. During Poullard's employment with Defendant, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

15. Defendant paid Poullard on a day-rate basis.

16. During the previous three years, Defendant employed dozens of individuals, including Poullard, as Route Drivers.

17. During Poullard's and other Route Drivers' employment with Defendant, they regularly worked in excess of forty hours per week.

18. Defendant knew or reasonably should have known that Poullard and other Route Drivers worked in excess of forty hours per week.

19. Defendant did not pay Poullard and other Route Drivers overtime "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

20. Instead, Defendant paid Poullard and other Route Drivers at his daily rate (without overtime premium) in violation of 29 U.S.C. § 207(a)(1).

21. Defendant knew or reasonably should have known that Poullard was not exempt from the overtime provisions of the FLSA.

22. Defendant failed to maintain accurate time and pay records for Poullard as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

24. Defendant is liable to Plaintiff for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

25. All nonexempt workers employed by American Recycler during the last three years are similarly situated to Plaintiff because they (1) had similar job duties; (2) were frequently required to work off-the-clock; (3) regularly worked over forty hours per week; (4) were not paid overtime for the hours they worked over forty hours per week; (5) were not paid overtime for the hours they worked over forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

**V. Count One – Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

26. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

27. During Plaintiff's employment with Defendant, he was a nonexempt employee.

28. As a nonexempt employee, Defendant was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

29. Defendant did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked over forty in a workweek.

30. Defendant did not pay Poullard overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

31. Instead, Defendant paid Poullard at his daily rate (without any overtime premium) in violation of 29 U.S.C. § 207(a)(1).

32. If Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

33. Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Defendant willfully violated the overtime requirements of the FLSA.

### VI. Count Two – Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

34. Plaintiff adopts by reference all of the facts set forth above.  See, Fed. R. Civ. P. 10(c).

35. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

36. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three – Collective Action Allegations

37. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

38. On information and belief, other employees have been victimized by Defendant's violations of the FLSA identified above.

39. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

40. Defendant's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

41. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

42. All Route Drivers of Defendant's, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which he was employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All Route Drivers employed by Western Recyclers, Inc., d/b/a American Recycler during the last three years.

43. American Recycler is liable to Plaintiff and the Route Drivers it employed for the difference between what it actually paid them and what it was legally obligated to pay them.

44. Because Defendant knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other Route Drivers it employed their unpaid overtime wages for at least the last three years.

45. American Recycler is liable to Plaintiff and the other Route Drivers it employed in an amount equal to their unpaid overtime wages as liquidated damages.

46. American Recycler is liable to Plaintiff and the other Route Drivers it employed for their reasonable attorneys' fees and costs.

47. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

48. Plaintiff demands a trial by jury.

## IX. Prayer

49. Plaintiff prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiff and the other nonexempt workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

d. postjudgment interest at the applicable rate;

e. incentive awards for any class representative(s); and

f. all such other and further relief to which Plaintiff and the other nonexempt workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF J.C. POULLARD, JR.**